■  Angela Omilin et al., Respondents, v. Paul Kratz et al., Appellants.— On the present record we find that the verdict in favor of plaintiff husband for loss of his wife's consortium is excessive and should be reduced to $2,000. Judgment modified, on the law and the facts, and a new trial ordered, limited to the issue of damages to the plaintiff husband for loss of consortium, unless he shall, within 20 days after service of a copy of the order to be entered hereon, stipulate to reduce the verdict for loss of consortium to $2,000 and interest, in which event the judgment, as so modified and reduced, is affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Reynolds, JJ., concur.

■  The People of the State of New York, Respondent, v. Carlton Kelly, Appellant.— Appeal from an order of the County Court, Broome County, denying, after a hearing, appellant's motion for a new trial on the basis of newly discovered evidence. Appellant, convicted of robbery in the second degree and grand larceny in the third degree, seeks a new trial on the ground that an alleged accomplice, Harry Swan, recanted his testimony incriminating appellant claiming that he had perjured himself at the trial due to pressure from the District Attorney's office. After a hearing pursuant to subdivision 7 of section 465 of the Code of Criminal Procedure, the County Court found that Swan's recantation was less than credible and that appellant, therefore, failed to establish the falsity of the evidence presented at his trial and accordingly denied the motion for a new trial. Of course, the presence of perjury on Swan's part could properly form the basis for granting a new trial (*People* v. *Shilitano,* 218 N. Y. 161). However, the efficacy of Swan's recantation was a question for the Trial Judge whose decision, being based on his opportunity to judge the credibility of the witness and his weighing of the circumstances of the case, is entitled to great weight (*People* v. *Shilitano, supra,* p. 176). On the instant record we find no basis to disturb the trial court's discretionary finding and, accordingly, the order appealed from should be affirmed. Order affirmed. Herlihy, P. J., Staley, Jr., Greenblott, Simons and Reynolds, JJ., concur.